HUMPHREY P. THOMPSON and another

*vs.*

JAMES T. REED and trustees.

Sagadahoc. Opinion August 6, 1885.

*Trustee process. Assignment of funds. Claimant of funds.*

If the assignee of funds trusteed appears, upon notice, and claims the funds, and is examined as a witness, it is his duty to state fully and clearly the circumstances connected with the assignment, and the consideration for which it was made; and if he refuses to do so, and gives only vague, indefinite and sweeping answers, his claim may be justly viewed with suspicion and declared invalid.

ON REPORT.

Assumpsit on a promissory note. The case has been once before considered by the law court and is reported in 75 Maine, 407. The question presented by the present report relates to the charging of the alleged trustess. The trustees are the executors of the will of Thomas M. Reed, late of Bath, deceased. The principal defendant had a legacy in the will of one thousand dollars. The trustees disclosed an assignment made by the defendant to Henry D. Manson of New York. Notice was ordered on the assignee and he appeared by counsel and claimed the funds in the possession of the trustees. Other material facts are stated in the opinion.

*William L. Putnam*, for the plaintiffs.

*C. W. Larrabee*, for the trustees and claimant.

We have the evidence of the assignment, and the reason why it was made, more than twenty days before the service of plaintiff's writ on the executors. So far, the evidence is conclusive of the sale and transfer, as valid, between the parties in New York.

The *situs* of the claim is where the owner is. A contract, valid by the law of the place where the owner is, is valid everywhere. 2 Kent. 454. Plaintiff in foreign attachment has no more nor better rights than his debtor. The court of one state is bound to give the same effect to the assignment as it has in the state where made. (Story's Conflict of Laws, § 397.) If James T. Reed had sold and assigned his interest in his uncle's estate on the 20th day of April, 1882, the executors had no rights or property in their hands belonging to him on the 12th of May following, and they should be discharged. Whatever the consideration was, it was a valuable one. The assignment was valid and binding on the assignor. It transferred his property rights. He had no further claim on the executors, and a payment by them to assignee would have been conclusive.

In essence, the case is not materially different from where a workman anticipates his wages to be earned, by assigning them for the benefit of his family. See *Taylor* v. *Lynch*, 5 Gray, 49. Also *Emery* v. *Lawrence*, 8 Cushing, 151, where the

assignment was for "monies previously advanced, and to be advanced," and was held good. *Brackett* v. *Blake*, 7 Met. 335 ; *Weed* v. *Jewett*, 2 Met. 608. In the last case, letters of attorney, with the addition "this is an assignment," were held good to convey not only the money earned, but the future wages of the constituent debtor.

There was no occasion for Manson to keep account with defendant. The facts in *Whitney* v. *Kelly*, 67 Maine, 377, cited by plaintiff, are entirely different from those in the case at the bar.

WALTON, J. This is a trustee suit. The fund attached is a legacy of a thousand dollars given to the defendant by the will of his uncle. The executors disclose an assignment of the legacy and the assignee has become a party to the suit for the purpose of sustaining his claim. Our conclusion is that the claim is not sustained. A just regard for the rights of creditors requires trustees to make full, true, and explicit answers to all questions propounded to them touching their indebtedness to the principal defendant in the suit. And the same rule applies to assignees who claim the funds sought to be held by the attachment. If examined as a witness, it is the duty of an assignee to state fully and clearly the circumstances connected with the assignment, and the consideration for which it was made ; and if he refuses to do so, and gives only vague, indefinite, and sweeping answers, his claim may be justly viewed with suspicion and declared invalid. *Barker* v. *Osborne*, 71 Maine, 69.

In this case, the assignee has not complied with this rule. In fact, it would be difficult to conceive of answers more indefinite and unsatisfactory. Being asked what the real consideration for the assignment to him was, he answered. "security and gift ; I was advised the seal was sufficient consideration at the time." Being asked if he actually paid any value for the assignment, and if so, what and how much, he answered. "Extended favors before and after the assignment." Being asked how they were able to fix a value upon the defendant's interest in his uncle's estate before the will had been probated, he answered, "security

and gift." Being asked to state what part of the consideration had been restored to him, and to give the dates and amounts, and all other details, he answered, " been returned and others advanced; it is a running security." Being asked what his then actual interest under the assignment was, and to explain it in full, he answered, "security and gift of the whole."

The claimant was twice examined through a commissioner appointed by the court; but all his answers upon every material point where equally evasive, vague and, indefinite. " Security and gift " was all the information that could be obtained in relation to the purpose and consideration of the assignment, except that in one of his answers he says that he was " advised " that the seal was sufficient consideration. Why he was so " advised " is not stated; but the inference which naturally suggests itself is not favorable to the honesty of the claim. A contract or promise under seal may be binding upon the parties to it without proof of any other consideration than that which the seal imports; but when an assignment or a conveyance is attacked upon the ground that it was made to defraud creditors, the fact that the instrument by which it was made has a seal upon it is of no significance. Such assignments or conveyances are quite as likely to be made by instruments under seal as by instruments not having a seal upon them. When the honesty of the transaction is in issue, the seal has no significance. " Security and gift." The absurdity of this answer, by which it is claimed that the assignment was in part at least a gift, will appear when it is contrasted with the letter of the defendant to the executors, which is made a part of their disclosure. The defendant there states that it had become necessary for him to realize the small benefit provided for him in his uncle's will, and had therefore transferred, not only the bequest of one thousand dollars, but also all his interest in said estate, to Harry D. Manson, " who had kindly aided him to anticipate the receipt of said bequest," and the writer expressed his hope that the executors would soon be able to reimburse his friend for his kind accommodation. Surely, so far as the transfer was a gift, and so far as it was security for past " favors " (as stated in answer to interrogatory 8,) the

willingness of his friend to accept it was not of a very extraordinary character. And, for aught that appears in the answers of the assignee, the security may have been to the extent of only one dollar, while the gift was of the remaining nine hundred and ninety-nine, with the defendant's contingent interest in his uncle's estate thrown in.

This case strongly resembles the case of *Barker* v. *Osborne and trustee,* 71 Maine, 69, already cited. In that case property, presumably worth twelve thousand dollars, had been assigned to the trustee, as he claimed, partly in payment of a debt owing to him, and partly as a gift; and he asserted over and over again that he was the absolute owner of the property; but the court held that such doubtful, indefinite, and sweeping statements, could not be allowed to supply the omission of details and particulars, and charged him. In this case, the answers of the assignee are more " doubtful, indefinite, and sweeping," than the answers of the assignee in that case; and they are not such as a just regard for the rights of the plaintiff required him to make. They are such as would be likely to come from a fraudulent transferee of property; but they are not such as would be likely to come from an honest one.

*Assignee's claim adjudged invalid.*
*Trustees charged for $1000.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.